UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JUN 2 8 2011 ★

BROOKLYN OFFICE

MICHAEL FARRAJ,
    Plaintiff,

– against –

METROPOLITAN TRANSIT AUTHORITY,
THE METRIPOLITAN TRANSIT
AUTHORITY NEW YORK CITY TRANSIT,
THE NEW YORK CITY TRANSIT
AUTHORITY AND NEW YORK CITY
TRANSIT,

    Defendant.

**MEMORANDUM AND ORDER**

11-CV-0574



**JACK B. WEINSTEIN, Senior United States District Judge:**

I. Introduction ........................................................................................................................ 1
II. Facts and Procedural History ............................................................................................. 2
III. Discussion .......................................................................................................................... 2
 A. Jurisdiction ............................................................................................................. 2
 B. Opinion of Impartial Arbitrator .............................................................................. 3
 C. Federal Constitutional Claims ................................................................................ 3
 D. Article II, Section 2.1(C)(1)(c) of the CBA ........................................................... 5
 E. Claims under Executive Law § 296, Correction Law § 752, and New York City Code § 8-107.. ............................................................................................................................ 7
 F. Intentional Infliction of Emotional Distress and Punitive Damages ...................... 7
IV. Conclusion.......................................................................................................................... 7

## I. Introduction

Plaintiff sues the Metropolitan Transit Authority ("MTA") and the New York City Transit Authority ("NYCTA") for violations of his civil rights under 42 U.S.C. §§ 1983 and 1985, and the New York State Constitution, New York State Executive Law § 296, New York



State Correction Law § 752, the Administrative Code of the City of New York § 8-107, and for intentional infliction of emotional distress under state law. Defendants, MTA and NYCTA, move to dismiss for lack of subject matter jurisdiction and failure to state and claim upon which relief may be granted. For the reasons stated below, defendants' motion to dismiss is granted.

## II.     Facts and Procedural History

Plaintiff was employed by MTA and NYCTA as a bus driver from 1996 until his termination in June 2010. Compl. ¶ 12. In August 2009, he was arrested by the FBI and charged with conspiracy to operate an unlawful gambling business in violation of 18 U.S.C. § 371. *Id.* at ¶ 15. As a result of the arrest, plaintiff was pre-disciplinarily suspended by defendants and the matter was scheduled for a hearing. *Id.* at ¶ 16. Plaintiff pled guilty to one count of conspiracy to operate a gambling business in February 2009. *Id.* at ¶ 17. He was sentenced to a civil forfeiture of $150, 304 and three years' probation. *Id.* A disciplinary hearing took place in June 2010 before an Impartial Arbitrator pursuant to the procedures set forth in the Collective Bargaining Agreement between plaintiff's union, the TWU, and his employer, NYCTA. *Id.* at ¶ 20. The Arbitrator found cause to terminate plaintiff's employment on several grounds. *See* Declaration of Joyce R. Ellman, Exh. B ("Ellman Decl.").

## III.     Discussion

### A. Jurisdiction

To the extent plaintiff seeks only to challenge his arbitration award, his exclusive remedy is to bring a proceeding under CPLR Article 75 to vacate the award within ninety days. *See* N.Y.C.P.L.R. § 7511 (2011); Defendant's Memorandum of Law 3–6, April 4, 2011 ("Def's Mem. Law"). Plaintiff, however, may raise federal or constitutional claims under section 1983 without first exhausting state remedies. *See Patsy v. Board of Regents*, 457 U.S. 496, 516

2

(1982); *Krabel v. New York City Department of Housing Preservation and Development*, 959 F.2d 395, 404 (1992).

### B. Opinion of Impartial Arbitrator

The parties submitted a single question to the arbitrator—"Whether the employer has cause to discharge Michael G. Farraj, and, if not, what shall be the remedy?" *See* Declaration of Dominick Revellino, Exh. B ("Revellino Decl."); Ellman Decl., Exh. B. Cause was shown to discharge plaintiff on the following grounds. First, Farraj provided numerous letters attesting to his good character and excellent work ethic. Numerous grievants, however, present similar backgrounds. That plaintiff was a capable and valued employee is not sufficient to find the employer's actions clearly excessive in light of plaintiff's record and past precedent in similar cases. Second, Farraj was found wearing a portion of his Transit uniform when picking up and dropping off illegal lottery books used in the crime to which he pled guilty. Third, though they are prohibited from discriminating against individuals previously convicted of crimes, MTA and NYCTA have the right to discharge employees convicted of felonies while employed by them. Fourth, plaintiff did not provide evidence of past precedent reaching a different result under similar circumstances. And, fifth, any argument alleging disparate treatment between Farraj and his codefendant and fellow employee, was found unavailing. Revellino Decl., Exh. B; Ellman Decl., Exh. B., 4–6

### C. Federal Constitutional Claims

Plaintiff's constitutional claims assert that he was deprived of his rights to due process and equal protection when defendants willfully and recklessly discharged him despite the prohibition against automatic termination of convicted felons under *Furst v. New York City Transit Authority*, 631 F.Supp. 1331 (E.D.N.Y. 1986). Compl. ¶ 27–34; Plaintiff's

3

Memorandum of Law 12–15, May 9, 2011 ("Pl's. Mem. Law"). He also alleges disparate treatment because (1) his codefendant and coworker was subject to a deferred prosecution for the same crime for which plaintiff was charged, and (2) the codefendant was not subject to discharge by NYCTA. Compl. ¶ 41.

In *Furst* the court held that "a municipal policy requiring discharge of ex-felons runs afoul of the Equal Protection Clause. . . . Before excluding ex-felons as a class from employment, a municipal employer must demonstrate some relationship between the commission of a particular felony and the inability to adequately perform a particular job." 631 F.Supp at 1338. *Furst* is inapplicable to this case. Farraj was afforded a hearing before an impartial arbitrator. He appeared with counsel, had a full opportunity to adduce evidence, cross-examine witnesses, and make argument in support of his position. After consideration of the evidence and argument the arbitrator determined that "his dismal cannot fairly be categorized as a clear injustice under the circumstances." Contrary to *Furst*, plaintiff's termination was not the result of a unilateral municipal policy requiring discharge.

Even if defendants' conduct was actionable, plaintiff's claim for a deprivation of liberty interest without due process would fail because adequate post-deprivation remedies were available through an Article 78 proceeding under the New York Civil Practice Law and Rules, and plaintiff failed to take advantage of them. Plaintiff has not argued that post-deprivation remedies have not been made available to him, and he never initiated any such proceedings. *See* Def's Mem. Law 6. The Second Circuit has recognized the validity of an Article 78 hearing as an adequate post-deprivation remedy for property interests. *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir.1996) (Article 78 hearing an adequate post-deprivation remedy for property interest in job status).

Plaintiff's claim for violation of Equal Protection based on disparate treatment with his codefendant and coworker is unavailing. Plaintiff and his codefendant were not similarly situation. Farraj pleaded guilty to a felony, and his codefendant was subject to a deferred prosecution. Prosecutorial discretion dictates such decisions, and the court will not speculate on the rational for the different courses of action. Plaintiff's claim is subject to the lowest level of scrutiny—rational basis review. *See Dallara v. Sinnot*, 2006 WL 1582159 (E.D.N.Y. 2006) ("[P]ublic employment is not a fundamental right and felons do not constitute a suspect class."); Defendant's Reply Memorandum of Law 5–6, May 23, 2011. The policy need only be rationally related to a legitimate state goal. In this case, defendants' have a legitimate interest in retaining employees that are not involved in felonious activities. The policy under the CBA of discharge with review by an impartial arbitrator satisfies this standard.

Plaintiff's constitutional claims for violations of Equal Protection and Due Process are dismissed.

### D. Article II, Section 2.1(C)(1)(c) of the Collective Bargaining Agreement

Plaintiff seeks a declaratory judgment that Article II, Section 2.1(C)(1)(c) of the Collective Bargaining Agreement ("CBA") is unconstitutional. Ellman Decl., Ex. A at 17.

Article II, section 2.1.C.19.c of the CBA requires the Arbitration Board to sustain the MTA's proposed penalty of discharge for any employee who has been found guilty of a felony "except if there is presented to the board credible evidence that the action by the Authority is clearly excessive in light of the employee's record and past precedent in similar cases. It is understood by the parties that this exception will be used rarely and only to prevent a clear injustice." *Id.*, Exh. B at 3.

5

An employee waives the right to challenge provisions of a collective bargaining agreement that have been assented to by his union representative and employer. *See Romano v. Canuteson*, 11 F.3d 1140 (2d Cir. 1993) (holding "due process requirements are not of controlling relevance if the party seeking to assert them has waived them in a voluntary agreement such as a collective bargaining agreement" (collecting cases); *see also Costello v. Town of Fairfield*, 811 F.2d 782, 786 (2d Cir. 1987) (Van Graafeiland, J., concurring) ("It is well settled that a procedure for post-deprivation arbitration of grievances created under a collective bargaining agreement may, in appropriate circumstances, satisfy the requirements of due process."); *cf. Grandi v. New York City Transit Authority*, 977 F.Supp. 590, 595 (E.D.N.Y. 1997) ("The fact that this plaintiff did not himself approve the agreement negotiated by his representative and now disclaims satisfaction with one aspect of the agreement makes it no less binding upon him. Plaintiff, as employee, has the benefits of the contract; he must accept also what he may regard as the disadvantages. . . .") (citation omitted).

Not deciding the appropriateness of the challenge, plaintiff's constitutional argument is without merit. He contends that Article II, section 2.1.C.19.c is unconstitutional because it violates the requirements set forth in *Furst*. To the contrary, the provision expressly prevents the type of automatic discharge *Furst* sought to avoid, by requiring a full examination of the employee's record and any past precedent before upholding the employer's decision to discharge. *Furst*, 631 F.Supp. at 1338 ("[T]he NYCTA maintained a policy requiring discharge of those convicted of felonies or 'serious crimes' and . . . such a policy mandated the plaintiff's discharge."). *See also New York City Transit Authority v. Transport Workers Union of America, Local 100*, 14 N.Y.3d 119, 123–125 (2010) (holding arbitrator has power to decide whether "clearly excessive" exception of Article II, section 2.1.C.19.c applies).

Plaintiff's claim for a declaratory judgment that Article II, section 2.1.C.19.c is unconstitutional is dismissed.

### E. Claims under Executive Law § 296, Correction Law § 752, and New York City Code § 8-107

Plaintiff alleges state and local law claims for unlawful discriminatory practices and unfair discrimination against individuals previously convicted of a crime. Compl. ¶¶ 50-64.

The court declines to extend pendant jurisdiction to plaintiff's state and local claims where all of its federal claims have been dismissed without merit. *See* 28 U.S.C. 1367 (c)(3); *see also, United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Lennon v. Miller*, 66 F.3d 416, 426 (2d Cir. 1995) (same); *Temple v. Board of Educ. of the City of New York*, 322 F.Supp.2d 277, 281–282 (E.D.N.Y. 2004) (same).

### F. Intentional Infliction of Emotional Distress and Punitive Damages

Plaintiff voluntarily withdraws its claims for intentional infliction of emotional distress and for punitive damages. *See* Pl. Mem. of Law 15.

### IV. Conclusion

For the reasons stated above, defendants' motion to dismiss is granted in its entirety. No costs or disbursements are awarded.

SO ORDERED.

*Jack B. Weinstein*
Jack B. Weinstein
Senior United States District Judge

Date: June 24, 2011
Brooklyn, New York